IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

BRAD SMITH,                                                             PETITIONER

V.                                                                      NO. 4:03CR0077-GHD

UNITED STATES OF AMERICA,                              RESPONDENT

**MEMORANDUM OPINION**

This matter comes before the court on the *pro se* petition of Brad Smith for a writ of *habeas corpus* under 28 U.S.C. § 2255. The government responded to the petition. The petitioner has replied and a limited evidentiary hearing was held. The matter is ripe for resolution. For the reasons set forth below, the instant petition for a writ of *habeas corpus* shall be denied.

*A. Facts and Procedural Posture*

The petitioner was indicted October 2, 2003[1], in an eleven count Indictment. He was charged with various crimes related to the distribution and possession of cocaine in violation of 21 U.S.C. § 841. On February 5, 2004, Smith plead guilty to Count Nine which charged him with conspiracy to distribute in excess of 50 grams of cocaine base. When his guilty plea was taken, Smith admitted that he conspired to distribute 76.8 grams of cocaine base, crack cocaine.

Using the quantity of crack involved in Count Nine and the quantities included in the other 10 Counts of the superceding indictment, the presentence report (PSR) attributed a total of 264.5 grams of cocaine, two grams of cocaine powder, and 3.3 grams of marijuana to Smith. Accordingly, it was determined that Smith's base offense level was 34, and with a 3-level adjustment for acceptance of responsibility, his total offense level was 31. The PSR also provided that Smith's criminal history category was IV. Given an offense level of 31 and a criminal history of IV, the guideline range was 151 to 188 months of imprisonment.

---

[1] The original indictment was May 22, 2003. October 2, 2003 was a superseding indictment.

On June 22, 2004, Smith was sentence to 151 months of imprisonment.[2] Written judgment was entered on July 7, 2004. Smith did not pursue an appeal. He filed the present motion on June 28, 2005, asserting four grounds for relief. In his own words, Petitioner argues:

| | |
|---|---|
| Ground One | Petitioner was denied due process of law in violation of the Fifth Amendment when the Court imposed sentence believing the Sentencing Guidelines were mandatory rather than advisory; |
| Ground Two | The Court's sentence reflected a computation for relevant conduct which was not charged in the count of the indictment to which Petitioner entered a plea, in violation of his Sixth Amendment rights; |
| Ground Three | Petitioner was denied effective assistance of counsel when counsel made no objection to applying the guidelines or to the judicial fact-finding resulting in the sentence which was imposed; and |
| Ground Four | Petitioner received ineffective assistance of counsel when Petitioner requested counsel to file a notice of appeal from the sentence imposed in the case. |

By previous memorandum opinion and order, Ground One was denied. Grounds Two through Four were reserved for consideration pending the conclusion of a limited evidentiary hearing. An evidentiary hearing was held on October 30, 2008, for the singular purpose of determining whether Smith timely requested that his retained counsel, Attorney Imhotep Alkebu-lan, file a notice of appeal.

### B. Standard for Review

After a defendant has been convicted and exhausted or waived any right to appeal, "a court is entitled to presume that [he] stands fairly and finally convicted." *United States v. Willis*, 273 F.3d 592, 595 (5th Cir. 2001). Accordingly, relief under 28 U.S.C. § 2255 is "reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." *United States v. Gaudet*, 81 F.3d 585, 589 (5th Cir. 1996). Once a sentence of imprisonment has been imposed, the court's

---

[2] For sentencing purposes, Smith's attorney objected to certain quantities of drugs seized from Smith's residence. A laboratory report confirmed the quantities as listed in the PSR. The inclusion of these drug quantities, however, did not affect the offense level.

authority to reduce or modify the sentence is limited. *United States v. Lopez*, 26 F.3d 512, 515 (5th Cir. 1994). A criminal defendant seeking relief from his conviction or sentence in a motion to vacate pursuant to § 2255 must therefore establish one of the following: (1) his sentence was imposed in violation of the Constitution or laws of the United States; (2) the sentencing court lacked jurisdiction to impose the sentence; (3) the sentence imposed exceeded the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack. *United States v. Seyfert*, 67 F.3d 544, 546 (5th Cir. 1995).

A Section 2255 petition is not a substitute for an appeal. *United States v. Acklen*, 47 F.3d 739, 741-42 (5th Cir. 1995). When a defendant raises an issue for the first time during collateral review, he must ordinarily show both cause for his procedural default and actual prejudice resulting from the alleged error. *Gaudet*, 81 F.3d at 589. The "cause and actual prejudice" standard is "significantly more rigorous than even the plain error standard applied on direct appeal." *Id.* The procedural bar does not apply, however, to a claim which could not have been raised on direct appeal, such as those alleging ineffective assistance of counsel. *United States v. Pierce*, 959 F.2d 1297, 1301 (5th Cir. 1992). Conversely, issues raised and disposed of in an appeal from an original judgment of conviction are not to be considered in collateral Section 2255 motions. *United States v. Webster*, 392 F.3d 787, 791 (5th Cir. 2004).

*C. Ineffective Assistance of Counsel*

Each of Smith's remaining grounds for relief is based upon the effectiveness of his attorney. When a defendant collaterally attacks his conviction or sentence based on the effectiveness of his counsel, he has the burden of proving by a preponderance of the evidence that his constitutional rights have been violated. *Johnson v. Zerbst*, 304 U.S. 458, 469, 58 S. Ct. 1019, 82 L. Ed. 1461 (1938); *Bruce v. Estelle*, 536 F.2d 1051, 1058 (5th Cir. 1976). In order to demonstrate ineffective assistance of counsel, a defendant must satisfy the two part test of *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984):

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not

3

> functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

A petitioner must satisfy *both* prongs of the *Strickland* test to succeed. *Id.* at 687.

### D. Discussion

<u>Grounds Two and Three: Judicial Fact Finding</u>

In support of Ground Two, Petitioner argues that the sentence imposed reflected a computation for relevant conduct which was not charged in the count of the indictment to which he entered a plea. Smith argues further that the judge made factual determinations which enhanced his sentence that should have been made by a jury. Related to this point, Smith argues in Ground Three that his counsel was ineffective for failing to object to the judicial fact finding which impermissibly enhanced his sentence.

The court addressed Smith's *Blakely* claim in a separate memorandum opinion on September 27, 2007. The court specifically found that *Blakely* was issued two days after the imposition of sentence and, therefore, Smith was properly sentenced under the mandatory Guidelines that were intact at the time. *Blakely v. Washington*, 542 U. S. 296, 124 S. Ct. 2531, 159 L. Ed. 2d 403 (June 24, 2004) (holding that it is unconstitutional to enhance a defendant's sentence based on facts not found by a jury beyond a reasonable doubt).

Smith claims that his counsel was ineffective for failing to anticipate the Supreme Court rulings in *Blakely* and *Booker*. Counsel, however, is not expected to foresee future developments in the law. "Clairvoyance is not a required attribute of effective representation." *Nelson v. Estelle*, 642 F.2d 903, 908 (5th Cir. 1981). There is no general duty for defense counsel to anticipate changes in the law. *Green v. Johnson*, 116 F.3d 1115, 1125 (5th Cir. 1997). *Blakely* was decided two days after Smith was sentenced. The *Blakely* opinion clearly enunciated that the federal sentencing guidelines were not before the Court and the Court expressed no opinion as the continuing validity of the federal sentencing guidelines. *Blakely*, 542 U. S. at 305 n.9. Ten months

later in *Booker*, the Court struck the mandatory provision of the Guidelines rendering them advisory. *United States v. Booker*, 543 U. S. 220, 125 S. Ct. 738, 160 L. Ed. 2d 621 (Jan. 12, 2005).

Viewing trial counsel's performance at the time of sentencing, as the court must under the *Strickland* standard, it was not unreasonable for Smith's counsel to have failed to raise the *Blakely* claim. Counsel acted reasonably even if he failed to anticipate the eventual holding in *Blakely* which led to the *Booker* decision. Accordingly, Smith's claim does not satisfy the deficient performance prong of the *Strickland* test, and it is not necessary to consider the prejudice prong. Counsel's performance did not fall below the *Strickland* standard. *See Lucas v. Johnson*, 132 F.3d 1069, 1078-79 (5th Cir. 1998) (habeas petitioner cannot demonstrate deficient performance based on counsel's failure to predict subsequent developments in the law).

As for counsel's alleged failure to object to factual determinations, his argument is also contradicted by the record. Prior to the imposition of sentence, the court heard objections from defense counsel. Counsel specifically objected to the quantity of drugs attributed to Smith in the PSR that were not included in the count of conviction. Sent. Hrg. 4:5-25 to 15:1-18 (Jun. 22, 2004). After hearing testimony and argument, the court overruled the objection. *Id.* at 15:5-18. Accordingly, counsel did raise the issue–though ultimately unsuccessful. Nevertheless, the court and defense counsel agreed that had the objection been sustained, Smith's guidelines computation would have been unaffected. *Id.* at 5:2-9, 15:15-18. Smith, therefore, cannot demonstrate that counsel's performance was deficient and further cannot prove any prejudice. Grounds Two and Three do not provide an appropriate basis for federal habeas relief.

<u>Ground Four: Failure to Perfect an Appeal</u>

Smith's last claim is that, despite a request, counsel failed to perfect an appeal. Since it is beyond dispute that no appeal was taken, Smith must only show that he timely requested an appeal. *United States v. Tapp*, 491 F.3d 263 (5th Cir. 2007). Given the absence of information in the record, an evidentiary hearing was held on October 30, 2008, regarding this issue. *Id.* (vacating dismissal

of 2255 motion and remanding for evidentiary hearing as to whether defendant requested his counsel file an appeal).

*Summary of the Evidence*

At the hearing only two witnesses were called, Smith and Attorney Alkebu-lan. Smith testified that he recalled while at his sentencing hearing, the court informed him of his right to appeal and that he could be appointed an attorney if he could not afford one. Evidentiary Hrg. Tr. 5:21-24 (Oct. 30, 2008). Smith specifically recalled that he was informed of the ten days in which to file a notice of appeal. *Id.* at 5:21-24. Smith explained that immediately following the pronouncement of his sentence he spoke with Alkebu-lan in the holding area at the courthouse. He stated that he told Alkebu-lan he wanted to appeal the sentence to which his attorney responded, "I [do not see any] grounds [to] file one." *Id.* at 6:20-22, 7:5-8. Afterwards, Smith said that he was "at a loss for words." *Id.* 7:7. Smith admitted that Alkebu-lan never refused to file an appeal. *Id.* at 8:12-20. Rather, Smith characterizes this single conversation about an appeal as a misunderstanding. *Id.* at 8:3-11. In other words, Smith assumed that Alkebu-lan would research and contact him later to discuss any possible basis for an appeal. Smith admitted, however, that the next conversation he had with Alkebu-lan was approximately four or five months later. *Id.* at 7-12-20.

Attorney Alkebu-lan recounted his twenty plus years as a practicing attorney with approximately fifteen of those years including federal criminal practice. *Id.* at 12:10-14. Alkebu-lan explained his customary practice is to file a notice of appeal if requested by the client. *Id.* at 12:15-19. Alkebu-lan recognized his legal obligation to follow the wishes of his client. *Id.* at 12:18-22. With regard to Smith, Alkebu-lan was resolute in his contention that he did not remember being asked to file a notice of appeal. *Id.* at 12:20-25, 13:7-11, 13:25, 14:1-2, 17:2-11. Alkebu-lan candidly admitted that Smith did contact him months after the sentencing and that Smith was concerned with trying to get his sentence reduced. *Id.* at 14:4-14. This, however, was the only contact Alkebu-lan had with Smith following sentencing.

*The Applicable Law*

The *Strickland* standard for ineffective assistance of counsel as identified *supra* applies to Smith's claim. The failure to file a notice of appeal is *per se* ineffective assistance of counsel, with or without a showing that the appeal would have merit. *Roe v. Flores-Ortega*, 528 U. S. 470, 483-86, 120 S. Ct. 1029, 145 L. Ed. 2d 985 (2000). When an attorney fails to file a notice of appeal when requested to do so, the defendant need not demonstrate that he would have been able to raise meritorious issues on appeal. *Id.* at 477-78. Instead, the defendant must only demonstrate that there is a reasonable probability that but for counsel's failure, he would have timely appealed. *Id.* at 484, 486. If the petitioner is able to demonstrate by a preponderance of the evidence that he requested an appeal, prejudice will be presumed and the petitioner will be entitled to an out-of-time appeal. *Tapp*, 491 F.3d at 266; *see also United States v. Taylor*, No. 05-60820, 270 Fed. Appx. 363, 366, (5th Cir. Mar. 25, 2008) (remanding for an evidentiary hearing as to the notice of appeal and implying that the requested appeal can be made by the defendant or a family member); *United States v. Hereford*, No. 06-11004, 242 Fed. Appx. 251, 252 (5th Cir. Sept. 18, 2007) (same).

*Analysis*

In the case *sub judice*, it is beyond dispute that no appeal was taken from Smith's sentence. Accordingly, Smith must demonstrate by a preponderance of the evidence that he did, in fact, timely request Attorney Alkebu-lan to perfect an appeal. Based on the testimony presented at the evidentiary hearing as well as the record in this case, Smith has not satisfied his burden of proof.

The court had an opportunity to view the demeanor and testimony of the witnesses and weigh the credibility of Smith and Alkebu-lan. The court simply does not find Smith's evidence to be credible. First, Smith has a strong motivation to fabricate or at least embellish his story. Second, Smith clearly recalled that he had ten days during which to file a notice of appeal. Smith also understood that if he could not afford an attorney one would be appointed for purposes of appeal. Yet in the days following the imposition of his sentence, Smith's actions were inconsistent with a defendant who was intent on seeking an appeal. Despite the fact that he knew there was a ten day

appellate window, Smith admitted that he did not even attempt to contact Alkebu-lan until approximately four months after he was sentence. Then, when he did speak with Alkebu-lan there was no testimony about Smith's disappointment or dashed expectation of pursuing an appeal. The lack of any resentment in that conversation–four months after sentencing–is not indicative of a defendant who had requested his lawyer pursue an appeal only to discover that no such action was taken.

In a very similar but unpublished case, the Eighth Circuit Court of Appeals held that the defendant must clearly communicate his request to secure an appeal. *United States v. Robinson*, 171 Fed. Appx. 536, 537-38, 2006 WL 708929 at **1-2 (8th Cir. Mar. 22, 2006). In *Robinson*, the defendant asked his attorney to file an appeal immediately following the imposition of sentence. *Id.* at *2. His attorney told him that he had received the best possible outcome and that there was no basis for an appeal. *Id.* The defendant did not disagree with his lawyer's advice nor did he attempt to discuss the possibility of filing an appeal at some other time before the ten day deadline expired. *Id.* Rather, like Smith, the *Robinson* defendant remained silent and did not further indicate that he wanted to appeal. *Id.* The Circuit Court affirmed the district court's dismissal of the underlying 2255 petition finding that Robinson had not communicated a request to appeal. *Id.*

Such is the case here. Even if the court believes that Smith initially asked that a notice of appeal be filed, following Alkebu-lan's opinion that there was no basis for an appeal, Smith was, by his own admission, silent. Smith remained silent for approximately four months following sentencing but, in any event, well beyond the expiration of the ten days within which to appeal. At no point did he disagree with his lawyer's advice or insist upon pursuing an appeal.

In short, Smith's actions or lack thereof following sentencing do not comport with his current claim of ineffective assistance of counsel. The court is unpersuaded that Smith asked Alkebu-lan to pursue an appeal. Therefore, Ground Four is denied.

### E. Conclusion

For all the foregoing reasons, Smith's motion to vacate will be denied. The claims neither singularly or collectively are sufficient to warrant federal habeas relief. This opinion has no effect on Smith's pending Motion for Retroactive Aapplication of Sentencing Guidelines to Crack Cocaine Offenses pursuant to 18 U.S.C. § 3582.

A final judgment consistent with this memorandum opinion shall issue today.

**SO ORDERED,** this the ___12th___ day of November, 2008.

                                                                          SENIOR JUDGE
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF MISSISSIPPI